# EXHIBIT C

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

**Index No.: __/2026**

---------------------------------------------------------------------X

**JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, and JANE DOE 5,**

***Plaintiffs*,**

**-against-**

**FREDERIC FEKKAI, FREDERIC FEKKAI & CO, LLC, FREDERIC FEKKAI NEW YORK, LLC, FREDERIC FEKKAI NY II, LLC, FREDERIC FEKKAI (MARK NY), LLC, and FEKKAI RETAIL, LLC,**

***Defendants*.**

---------------------------------------------------------------------X

**Plaintiffs designate NEW YORK COUNTY as the place of trial.**

**SUMMONS**

**The basis of venue is the location where a substantial part of the events or omissions giving rise to these claims occurred and the residence of all defendants.**

To the above-named Defendants:

**YOU ARE HEREBY SUMMONED** to Answer the Verified Complaint in this action and to serve a copy of your Answer or, if the Verified Complaint is not served with this Summons, to serve a Notice of Appearance on Plaintiffs' attorneys within 20 days after the service of this Summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and, in case your failure to appear or Answer, judgement will be taken for the relief demanded herein.

**A COPY OF THIS SUMMONS WAS FILED WITH THE CLERK OF THE COURT, NEW YORK COUNTY ON __________ IN COMPLIANCE WITH CPLR §§305(a) AND 306(a).**

Dated: New York, New York
May 27, 2026

**MERSON LAW, PLLC**

By: *<u>/s/ Jordan K. Merson, Esq.</u>*
Jordan K. Merson, Esq.
Jennifer C. Plotkin, Esq.
Noah M. Werksman, Esq.
*Attorneys for Plaintiffs*
950 Third Avenue
New York, New York 10022
(212) 603-9100

TO:

**FREDERIC FEKKAI**
95 Richmond Hill Road
Greenwich, CT 06831

**FREDERIC FEKKAI & CO, L.L.C**
C/O National Registered Agents, Inc.
28 Liberty Street
New York, New York 10005

**FREDERIC FEKKAI NEW YORK, LLC**
C/O National Registered Agents, Inc.
28 Liberty Street
New York, New York 10005

**FREDERIC FEKKAI NY II, LLC**
C/O National Registered Agents, Inc.
28 Liberty Street
New York, New York 10005

**FREDERIC FEKKAI (MARK NY), LLC**
C/O National Registered Agents, Inc.
28 Liberty Street
New York, New York 10005

25 East 77th Street
New York, New York 10075

**FEKKAI RETAIL, LLC**
C/O National Registered Agents, Inc.
28 Liberty Street
New York, New York 10005

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**
**--------------------------------------------------------------------------X**
**JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, and JANE DOE 5,**

***Plaintiffs*,**

**-against-**

**FREDERIC FEKKAI, FREDERIC FEKKAI & CO, LLC, FREDERIC FEKKAI NEW YORK, LLC, FREDERIC FEKKAI NY II, LLC, FREDERIC FEKKAI (MARK NY), LLC, and FEKKAI RETAIL, LLC,**

***Defendants*.**
**--------------------------------------------------------------------------X**

**Index No.: __/2026**

**VERIFIED COMPLAINT**

## COMPLAINT AND JURY TRIAL DEMANDED

Plaintiffs **JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4 and JANE DOE 5** (collectively "Plaintiffs"), by and through their attorneys at **MERSON LAW, PLLC**, and as for their Verified Complaint in this action against defendants **FREDERIC FEKKAI, FREDERIC FEKKAI & CO, LLC, FREDERIC FEKKAI NEW YORK, LLC, FREDERIC FEKKAI NY II, LLC, FREDERIC FEKKAI (MARK NY), LLC,** and **FEKKAI RETAIL, LLC,** (collectively "Defendants"), hereby allege the following and upon information and belief and to all other matters as follows:

## NATURE OF THE CLAIMS

1. Sex trafficking is about exercising control over victims, and Defendants enabled Jeffrey Epstein ("Epstein")'s sex trafficking of and gender-motivated violence against hundreds of women and children, including but not limited to Plaintiffs, by helping Epstein control them.

2. Defendants, namely Frederic Fekkai ("Fekkai") and his associated salons and entities acted as a perks machine for Epstein for over 15 years by enabling Epstein's sex trafficking and sexual abuse of women and children, including Plaintiffs.

3. For example, Fekkai would help Epstein groom women and children, including Plaintiffs, by altering and/or styling their appearance at his salons in accord with Epstein and his associates' perverse sexual desires, including by making them look younger and bleaching their hair blonde.

4. In return for enabling Epstein's sex crimes, Fekkai gained a financial windfall. Fekkai Brands grew into a billion-dollar beauty products mainstay with Epstein's financial backing and global influence. For example, Epstein connected Fekkai to businessmen in Hong Kong and advised Fekkai on his companies.[1]

5. Fekkai and Epstein's arrangement was a de facto *quid pro quo* by which Fekkai, in exchange for financial and social opportunities from Epstein, groomed women for Epstein, including Plaintiffs, for him to sexually abuse and commit gender-motivated violence against.

6. Recently, the Department of Justice released 3,118 documents and emails related to Fekkai and his salons, including his flagship located at 712 Fifth Avenue, New York, New York, which was among the epicenters where Epstein groomed and recruited women and children for his sex trafficking operation.

7. Last week, Epstein's former personal assistant Sarah Kellen provided testimony to the House Oversight Committee and named Fekkai as an abuser and one of Epstein's enablers. Ms. Kellen testified that she was sexually assaulted by Fekkai in the early 2000s.[2]

---

[1] bloomberg.com/news/features/2026-03-11/epstein-files-track-new-york-city-salon-that-styled-his-girls.
[2] https://edition.cnn.com/2026/05/22/politics/sarah-kellen-epstein-abuse-allegations

8. Fekkai enabled Epstein by providing him with premises and services that Epstein used to commit acts of gender-motivated violence against Plaintiffs.

**VENUE, JURISDICTION AND TIMELINESS**

9. This action is brought under the Gender-Motivated Violence Protection Act (hereinafter, "GMVA") (New York City Administrative Code § 10-1101 *et seq*.). On January 29, 2026, an amendment to the GMVA, Introduction 1297-A (hereinafter, "Intro 1297") was enacted by the New York City council.[3] This amendment (d)(ii) allows survivors of gender-motivated violence who were harmed prior to January 9, 2022, to file suit against their abuser and/or any individual or entity who enabled the conduct of said abuser, within eighteen months of Intro 1297's enactment on January 29, 2026. As such, this action is timely.

10. This Court has personal jurisdiction over the Defendants pursuant to New York CPLR §§ 301, 302.

11. Venue is proper in this Court pursuant to CPLR § 503 because, at all times herein mentioned, a substantial part of the acts and omissions alleged herein occurred in New York County in the City of New York, New York, and all defendants are domiciled in New York County in the City of New York, New York.

12. Furthermore, any statute of limitations that would otherwise apply to Plaintiffs' claims herein is tolled in accord with the doctrine of equitable estoppel as based on the deception, duress, fraud, and/or threats of retaliation and misconduct that Epstein and his co-conspirators used to silence his victims, including Plaintiffs. At a minimum, the same conduct by Epstein and his associates deprived Plaintiffs of their legal rights and an opportunity to commence this lawsuit. Accordingly, Defendants are equitably estopped from asserting a statute of limitations defense.

---

[3] https://legistar.council.nyc.gov/LegislationDetail.aspx?ID=7411818&GUID=B01473E5-9E7F-4D9D-8845-65C340D67F23

## PARTIES

13. Plaintiff JANE DOE 1 is a resident of the State of New York.

14. Plaintiff JANE DOE 2 is a resident of the State of New York

15. Plaintiff JANE DOE 3 is a resident of the State of Idaho.

16. Plaintiff JANE DOE 4 is a resident of the State of Montana.

17. Plaintiff JANE DOE 5 is a resident of the State of Rhode Island.

18. At all times herein mentioned, defendant FREDERIC FEKKAI's principal place of business is in New York, New York.

19. At all times mentioned herein, defendant FREDERIC FEKKAI owned, controlled and/or operated hair salons located at 712 Fifth Avenue, 15 East 57th Street, 601 Madison Avenue, and 25 East 77th Street in New York, New York.

20. At all times herein mentioned, defendant FREDERIC FEKKAI & CO, LLC was and is a corporation duly organized and existing under and by the laws of the State of New York, and its agents, servants, and/or employees were in charge of and controlled, supervised, operated, inspected, managed, and/or maintained hair salons across the Manhattan borough in New York, New York. Defendant FREDERIC FEKKAI used defendant FREDERIC FEKKAI & CO, LLC to enable Epstein's acts of gender-motivated violence against Plaintiffs, as described below.

21. At all times herein mentioned, defendant FREDERIC FEKKAI NEW YORK, LLC was and is a corporation duly organized and existing under and by the laws of the State of New York, and its agents, servants, and/or employees were in charge of and controlled, supervised, operated, inspected, managed, and/or maintained hair salons across the Manhattan borough in New York, New York. Defendant FREDERIC FEKKAI used defendant FREDERIC

FEKKAI NEW YORK, LLC to enable Epstein's acts of gender-motivated violence against Plaintiffs, as described below.

22. At all times herein mentioned, defendant FREDERIC FEKKAI NY II, LLC was and is a corporation duly organized and existing under and by the laws of the State of New York, and its agents, servants, and/or employees were in charge of and controlled, supervised, operated, inspected, managed, and maintained hair salons across the Manhattan borough in New York, New York. Defendant FREDERIC FEKKAI used defendant FREDERIC FEKKAI NY II, LLC to enable Epstein's acts of gender-motivated violence against Plaintiffs, as described below.

23. At all times herein mentioned, defendant FREDERIC FEKKAI (MARK NY) LLC was and is a corporation duly organized and existing under and by the laws of the State of New York, and its agents, servants, and/or employees were in charge of and controlled, supervised, operated, inspected, managed, and maintained hair salons across the Manhattan borough in New York, New York. Defendant FREDERIC FEKKAI used defendant FREDERIC FEKKAI (MARK NY) LLC to enable Epstein's acts of gender-motivated violence against Plaintiffs, as described below.

24. At all times herein mentioned, defendant FEKKAI RETAIL LLC was and is a corporation duly organized and existing under and by the laws of the State of New York, and its agents, servants, and/or employees were in charge of and controlled, supervised, operated, inspected, managed, and maintained hair salons across the Manhattan borough in New York, New York. Defendant FREDERIC FEKKAI used defendant FEKKAI RETAIL LLC to enable Epstein's acts of gender-motivated violence against Plaintiffs, as described below.

25. At all times mentioned herein, defendant FREDERIC FEKKAI controlled, owned, managed, and/or operated the defendant Entities.

26. At all times mentioned herein, defendant FREDERIC FEKKAI was acting within the scope of employment by Entities.

27. At all times mentioned herein, defendant FREDERIC FEKKAI was Chief Executive Officer and an agent, servant, and/or employee of Entities.

28. At all times mentioned herein, defendant FREDERIC FEKKAI used the Entities to enable Epstein's acts of gender-motivated violence against women and minor girls, including Plaintiffs.

## FACTUAL HISTORY

29. In or about 2004, and continuing thereafter, when Plaintiff JANE DOE 1 was approximately 18 years old, Epstein committed gender-motivated violence against her as enabled by Defendants.

30. In or about 2006, and continuing thereafter, when Plaintiff JANE DOE 2 was a child of approximately 17 years old, Epstein committed gender-motivated violence against her as enabled by Defendants.

31. In or about 2007, and continuing thereafter, when Plaintiff JANE DOE 3 was approximately 19 years old, Epstein committed gender-motivated violence against her as enabled by Defendants.

32. In or about 2001, and continuing thereafter, when Plaintiff JANE DOE 4 was approximately 20 years old, Epstein committed gender-motivated violence against her as enabled by Defendants.

33. In or about 2004, and continuing thereafter, when Plaintiff JANE DOE 5 was approximately 19 years old, Epstein committed gender-motivated violence against her as enabled by Defendants.

**COUNT I:**
**VIOLATION OF GENDER-MOTIVATED VIOLENCE ACT**
**Enabling Gender-Motivated Violence**
*(NYC Admin. Code § 10-1101 et. seq.)*

**As Against All Defendants**

34. In violation of the GMVA, Defendants enabled Epstein's acts of gender-motivated violence against Plaintiffs in the following ways, which include but were not limited to: acting as the fundamental "perks machine" on behalf of Epstein; furnishing Epstein with premises (hair salons) where Epstein committed sex abuse, sex trafficking, and other acts of gender-motivated violence against Plaintiffs; grooming, styling, and altering the physical appearance of Plaintiffs in accord with Epstein and his associates' perverse sexual desires; providing Epstein with a business location for managing and/or operating his sex trafficking operation; facilitating Epstein's recruitment of women and children, including Plaintiffs, for his sex trafficking operation; and providing other grooming services to women and children, including Plaintiffs, at the direction and control of Epstein to further Epstein's acts of gender-motivated violence against Plaintiffs; and financially and socially profiting from Epstein's acts of gender-motivated violence against Plaintiffs.

35. Therefore, as a result of the conduct complained of herein, Defendants have violated the GMVA and as such, Defendants are liable to Plaintiffs for: (1) compensatory and punitive damages; (2) injunctive and declaratory relief; (3) attorneys' fees and costs; and (4) such other relief as a court may deem appropriate.

36. As a direct and proximate result of Defendants' violations of the GMVA, Plaintiffs have sustained in the past, and will continue to sustain in the future, physical injury, pain and suffering, serious and severe psychological and emotional distress, mental anguish, embarrassment and humiliation.

37. As a direct and proximate result of Defendants' violations of the GMVA, Plaintiffs have incurred medical expenses and other economic damages, and continues to be in physical pain and suffering, and will now be obligated to expend sums of money for medical care and attention in an effort to cure themselves of their injuries and to alleviate their pain and suffering, emotional distress, mental anguish, embarrassment and humiliation.

38. By reason of the foregoing, Plaintiffs were caused to sustain severe and serious personal injuries, a severe shock to their nervous system and certain internal injuries, and were caused to suffer severe physical pain and mental anguish as a result thereof, and upon information and belief these injuries are of a permanent and lasting nature; that said Plaintiffs were incapacitated from attending their regular activities; and there was caused to be expended sums of money for medical care on their behalf.

39. By reason of the foregoing, the Plaintiffs are entitled to compensatory damages from defendants in such sums as a jury would find fair, just, and adequate, and the Plaintiffs are further entitled to punitive and exemplary damages from defendants in such sums as a jury would find fair, just, and appropriate to deter said defendants and other from future similar misconduct.

40. The amount of damages sought exceeds the jurisdiction of all lower courts which would otherwise have jurisdiction.

41. This action falls within exceptions to Article 16 of the C.P.L.R.

**WHEREFORE**, Plaintiffs demand judgement against defendants in such sum as a jury would find fair, adequate and just.

Dated: New York, New York
May 27, 2026

**MERSON LAW, PLLC**

By: *_/s/ Jordan K. Merson, Esq._*
Jordan K. Merson, Esq.

Jennifer C. Plotkin, Esq.
Noah M. Werksman, Esq.
*Attorneys for Plaintiffs*
950 Third Avenue
New York, New York 10022
(212) 603-9100

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK** **Index No. __/2026**
**------------------------------------------------------------------------X**
**JANE DOE 1, JANE DOE 2, JANE DOE 3, JANE DOE 4, and JANE DOE 5,**

***Plaintiffs,***

**-against –**

**ATTORNEY'S VERIFICATION**

**FREDERIC FEKKAI, FREDERIC FEKKAI & CO, LLC, FREDERIC FEKKAI NEW YORK, LLC, FREDERIC FEKKAI NY II, LLC, FREDERIC FEKKAI (MARK NY), LLC and FEKKAI RETAIL, LLC,**

***Defendants.***
**------------------------------------------------------------------------X**

JENNIFER C. PLOTKIN, Esq., an attorney duly admitted to practice in the Courts of New York State, and a member of the firm MERSON LAW, PLLC., attorneys for the plaintiffs in the within action, hereby affirms under penalty of perjury:

That she has read the within complaint and knows the contents thereof, and that the same is true to her own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters she believes to be true.

That the sources of her information and knowledge are investigations and records in the file.

That the reason this verification is made by affirmant and not by the plaintiffs is that the plaintiffs are not within the County where the attorney has her office.

Dated: New York, New York
May 27, 2026

*_____/s/ Jennifer C. Plotkin, Esq._____*
JENNIFER C. PLOTKIN